IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Clarence Huell, #279544,  ) | |
| ) | Civil Action No. 6:06-2562-HFF-WMC |
| Petitioner,  ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs.  ) | |
| ) | |
| South Carolina; Henry McMaster,  ) | |
| Attorney General of the State of  ) | |
| South Carolina; and Warden, Lieber  ) | |
| Correctional Institution;  ) | |
| ) | |
| Respondents.  ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**FACTS PRESENTED**

The record reveals that the petitioner is currently confined to the Lieber Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Williamsburg County. The petitioner was indicted in the January 2001 term of the Court of General Sessions for Williamsburg County for murder, possession of a weapon during commission of a violent crime, and two counts of aggravated assault and battery (01-GS-45-0019). The petitioner was represented at the trial level by Charles David Barr. From October 22-24, 2001, the petitioner was tried before

the Honorable Clifton Newman and a jury. The jury convicted the petitioner as charged, and on October 24, 2001, Judge Newman sentenced him to 30 years for murder, five years for possession of a weapon, and 30 days each for the assault and battery charges.

Attorney Barr timely filed and served a notice of appeal on November 3, 2001. Robert M. Dudek of the South Carolina Office of Appellate Defense was appointed to represent the petitioner on direct appeal. On April 24, 2003, Dudek filed with the South Carolina Court of Appeals a final brief of appellant, in which he raised the following issues:

> (1) The court erred by refusing to allow the defense to cross-examine the pathologist, Dr. Susan McConnell, about the fact her autopsy report stated a weapon had been recovered. This was relevant evidence since poor police investigation and communication were an issue in this case. The pathologist said that she routinely relied on information given to her by law enforcement.
>
> (2) The judge erred by allowing the solicitor "to testify" during his closing argument about the mechanical workings of a firearm to support his theory of the case. There was not any expert testimony or any testimony justifying his argument about the mechanical workings of a firearm. The solicitor's assertions were obviously not matters within the common knowledge of the jurors, and he was arguing facts not in evidence.

The State filed a final brief of respondent dated March 5, 2003.

The South Carolina Court of Appeals issued an opinion dated February 6, 2004, in which it affirmed the petitioner's convictions and sentences. *State v. Huell*, 2004-UP-066 (S.C. Ct. App. 2004). The remittitur was sent down on March 12, 2004.

The petitioner subsequently filed an application for post-conviction relief ("APCR") on June 8, 2004. In the APCR, the petitioner raised the following grounds:

> (1) Petitioner's trial attorney was ineffective for failing interview and subpoena prosecution witnesses and expert witnesses that would of been supportive to the petitioner's defense; as a result the petitioner's right to effective assistance of counsel was violated, Sixth Amendment, S.C. Constitution and Federal Const.

> (2) Petitioner's trial attorney was ineffective for failing to investigate and have examine exculpatory evidence that was in the possession of the state. This violating the petitioner's Sixth Amendment to the S.C. Constitution and Federal Const.
>
> (3) Petitioner's trial attorney was ineffective for failing to raise an indicated defense which would have resulted in dismissal of the charges with prejudice. This violating the petitioner's Sixth Amendment to the S.C. Constitution and Federal Const.
>
> (4) Petitioner's trial attorney was ineffective for failing to move for a mistrial or a the very least request curative instruction addressing solicitor's closing argument which involved arguing facts not in evidence. This violating the petitioner's Sixth Amendment to the S.C. Constitution and Federal Const.
>
> (5) Petitioner's trial attorney was ineffective for failing to interview and investigate the facts associated with petitioner's defense thus violating the petitioner's Sixth Amend. S.C. Constitution and Federal Const.
>
> (6) Appellate counsel ineffective assistance of counsel.
>
> (7) Ineffective assistance of counsel.
>
> (8) 6th Amendment ineffective assistance of counsel.
>
> (9) Brady violation.
>
> (10) S.C.R. Crim. Proc. Rule 5 violation.
>
> (11) 14th Amend. violation of confrontation clause.
>
> (12) Prosecution misconduct.
>
> (13) 14th Amendment procedural due process violation.

The State filed its return dated November 22, 2004. The petitioner file a *pro se* amended APCR dated November 14, 2005, in which he raised the following issues:

> (1) I contend that my trial counsel was ineffective for his/her failure to file a motion to quash the indictment for murder.
>
> (2) The trial counsel was ineffective for his/her failure to conduct an independent pre trial investigation.

3

>        (3)    The trial counsel was ineffective for failing to file a motion compelling the police and solicitor to disclose withheld evidence.
>
>        (4)    Trial counsel was ineffective for failing to file a motion when the prosecution violated the confrontation clause.
>
>        (5)    The trial counsel was ineffective for failing to file a motion to quash the warrants on the assaults when eyewitness testimony negated probable cause.
>
>        (6)    I am automatically entitled to reversal of convictions due to default.

The petitioner also filed a *pro se* motion for judgment by default dated November 22, 2005.

An evidentiary hearing in the matter was held before the Honorable Howard P. King on October 5, 2005. The petitioner was present and represented by appointed counsel William Barr. The petitioner called himself to testify, and the State called trial counsel. On February 28, 2006, Judge King filed an order of dismissal in which he rejected the petitioner's claims for relief.

The petitioner next filed a motion to reconsider dated March 29, 2006. The State followed with a return and motion to dismiss the motion to reconsider dated April 10, 2006. Judge King issued an order denying the motion to reconsider which was filed on April 7, 2006.

The petitioner then filed a "Motion to Reconsider First Order Denying Motion for Reconsideration Pursuant to SCRCP 59(e)," dated April 24, 2006. The State filed a return and motion to dismiss as to this motion dated May 12, 2006. Judge King then issued an order denying the second reconsideration motion which was filed on May 22, 2006.

The petitioner filed a *pro se* notice of appeal from Judge King's APCR order with the South Carolina Supreme Court on April 21, 2006. On June 6, 2006, the state supreme court issued an order dismissing the APCR appeal for failure to request a

transcript within the time limits set forth in the rules. The remittitur was sent down on June 22, 2006.

In his petition for habeas corpus relief filed in this court on September 14, 2006, the petition makes the following allegations:

> (1) Was the petitioner's 5th, 6th, 14th amendment rights of the U.S. Constitution and his rights of due process violated by the defect in the indictment(s) failure to allege an [e]xact time of death in the charge for murder, as time is recognized by law?
>
> (2) Was the petitioner's 5th, 6th, 14th amendment rights of the U.S. Constitution and his rights of due process violated by the defect in the indictment(s) failure to allege the "state" where the crime(s) took place in the body of the charging instrument?
>
> (3) Was the petitioner's 5th, 6th, 14th amendment rights of the U.S. Constitution and his rights of due process violated by the defect in the indictment for murder failure to sufficiently apprise the petitioner of the place of death in the body of the charging instrument?
>
> (4) Was the petitioner's 14th amendment rights of the U.S. Constitution and his rights of due process violated because there was a "procedural defect" in the establishing of the indictment(s) due to it not being properly filed with the Clerk of Court?
>
> (5) Was the petitioner's 6th amendment right to a fair and impartial trial, his 14th amendment rights of due process, and his 14th amendment right to equal protection of the laws violated by the failure of the trial court to suppress the statement(s) the petitioner made that was utilized at his trial?
>
> (6) Did the trial court err in denying the petitioner's motion for a direct verdict for the charge of murder and possession of a weapon during the commission of a violent crime in violation of the petitioner's 6th amendment rights to a fair and impartial trial and his 14th amendment rights of due process?
>
> (7) Did the trial lack subject matter jurisdiction, due to the "procedural defect" in that there was no order of continuance issued to continue the cause before the court in violation of the petitioner's 14th amendment rights of due process?

(8)     Did the trial court lack subject matter jurisdiction due to the indictment defects and or errors embodied within this petition for review supplement?

(9)     Was the petitioner's 5th, 6th, 14th amendment rights of the U.S. Constitution, and due process rights violated, as well as Rules of Court and or Rules of Criminal Procedure by the "procedural defect" of the prosecuting agent(s) acting as sole witness(es) on the warrant(s) and indictment(s)?

(10)    Did the indictment(s) of South Carolina as constructed possess a constitutional structural error and or defect, which by their language and or charge contained therein, create and or form conclusive presumption(s) that took away the petitioner's presumption of innocence and automatically shift the burden of persuasion to the petitioner in regard to the crucial elements of dispute in violation of the petitioner's 5th, 6th, 14th amendment rights of the U.S. Constitution, Article IV § 2 and the laws of due process?

(11)    Did the Supreme Court in State v. Gentry supra and its relevant citings abuse their discretionary power, and in such, the trial court was deprived of the right and or power and or ability to invoke and or enact it's subject matter jurisdictionary power and or was deprived of subject matter jurisdiction, due to the indictment(s) failure to fully apprise the petitioner of what he is called upon to meet in violation of the petitioner's 5th, 6th, 14th amendment rights of the U.S. Constitution and the laws of due process because the structural constitutional error and or defect, in the construction of the indictment(s) by their language and or charge shift the burden of persuasion?

On February 7, 2007, the respondents filed a motion for summary judgment. By order filed February 8, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On March 5, 2007, the petitioner filed his opposition to the motion, as well as a supplement to his original petition.

6

## **ANALYSIS**

In ground one, the petitioner contends his due process rights were violated in that his indictment allegedly failed to set forth a precise time of death for the victim, thus being insufficient to provide proper notice. The petitioner also raises this in the context of a "possible jurisdictional defect." This freestanding claim was not raised at trial or on direct appeal. Further, in the context of an ineffective assistance of counsel claim, the issue was never properly raised to the PCR trial court, and a ruling on the merits of such an issue was never achieved so as to preserve it for review during the PCR appeal (resp. m.s.j. 9-10).

In ground two, the petitioner contends the indictment was deficient for failing to allege that the crime took place in South Carolina. This freestanding claim was not raised at trial or on direct appeal. Further, the issue was not raised in the state PCR application or in any amended application (resp. m.s.j. 14-15).

In ground three, the petitioner contends that the indictment was insufficient for failing to allege the place of death. This freestanding claim was not raised at trial or on direct appeal. Further, it was not raised at the PCR hearing, and it was not ruled upon by the PCR judge in the order of dismissal. While the petitioner tried to raise the issue in his motions to reconsider, the PCR judge found it procedurally improper to try to assert the claims at that late stage of the process. The PCR appeal was dismissed for procedural reasons prior to any review of the case (resp. m.s.j. 16).

In ground four, the petitioner alleges there was a due process violation because his indictments were supposedly not filed with the Clerk of Court as stated in Rule (3)(c), S.C.R.Crim. P. This freestanding claim was not raised at trial or on direct appeal. Further, it was not raised in the PCR application nor in any amended application. While the petitioner tried to raise the issue in his motions to reconsider, the PCR judge found it procedurally improper to try to assert the claims at that late stage of the process. The PCR

7

appeal was dismissed for procedural reasons prior to any review of the case (resp. m.s.j. 18-19).

In ground five, the petitioner alleges a due process and equal protection violation based on the trial court's failure to suppress statements given to police because he supposedly was not given a copy and did not sign a receipt, as required by certain state statutes. While the petitioner at trial did move to suppress the statements, he did so only on the basis of involuntariness, and he never argued to the trial court that the statements should be suppressed based on the statutory requirements of a copy and signed receipt. Moreover, this freestanding claim was not made to the state supreme court on direct appeal and, even if it was, it would have been unpreserved. Further, it was not raised in the PCR application nor in any amended application. While the petitioner tried to raise the issue in his motions to reconsider, the PCR judge found it procedurally improper to try to assert the claims at that late stage of the process. The PCR appeal was dismissed for procedural reasons prior to any review of the case.

In ground six, the petitioner contends the trial court should have directed a verdict in his favor. The petitioner at trial did make a directed verdict motion, but he did not make the argument he makes now that the statement should have been suppressed (as argued in the preceding ground), and that once the statement is taken out of the mix the case fails (Tr. 200-205). Regardless, no directed verdict argument was made to the state supreme court on direct appeal. Further, it was not raised in the PCR application or in any amended application. While the petitioner tried to raise the issue in his motions to reconsider, the PCR judge found it procedurally improper to try to assert the claims at that late stage of the process. The PCR appeal was dismissed for procedural reasons prior to any review of the case.

In ground seven, the petitioner asserts a due process violation because there was no order of continuance as supposedly required by order of a state supreme court

justice. This freestanding claim was not raised at trial or on direct appeal. Further, it was not raised in the PCR application nor in any amended application. While the petitioner tried to raise the issue in his motions to reconsider, the PCR judge found it procedurally improper to try to assert the claims at that late stage of the process. The PCR appeal was dismissed for procedural reasons prior to any review of the case.

In ground eight, the petitioner makes a subject matter jurisdiction argument based on the previously raised alleged errors or defects in the indictment. As stated with the previous grounds, the claims of defective indictments were not raised at trial or on direct appeal. The instant claim was raised for the first time in a motion for reconsideration after the PCR court's order of dismissal. The PCR court found the claim procedurally too late, and the appeal was dismissed for procedural defects.

In ground nine, the petitioner argues that his due process rights were violated because prosecution agents were the sole witnesses on the arrest warrants and before the state grand jury. The petitioner never raised this argument at trial or on direct appeal. Further, the issue was not raised in the PCR application or in the amended application. The instant claim was raised for the first time in a motion for reconsideration to the PCR judge. The PCR court found the claim procedurally improper to raise new issues, and the appeal was dismissed for procedural defects.

In ground ten, the petitioner contends that because his indictment alleged he "did . . . feloniously, wilfully, and with malice aforethought, kill" the victim, it created an unconstitutional presumption in violation of the presumption of innocence and the burden of proof. The petitioner never raised this argument at trial. Moreover, this argument was not made to the state supreme court on direct appeal. Further, this issue was not raised in the PCR application or in any amended application. It was raised in the petitioner's motions to reconsider made to the PCR judge, but as noted above, the PCR judge found

9

the motions procedurally improper to raise new issues. Finally, the petitioner's PCR appeal was dismissed for procedural defects.

In ground eleven, the petitioner essentially contends that the South Carolina Supreme Court erred in *State v. Gentry,* 610 S.E.2d 494, 499 (S.C. 2005), by ruling that alleged deficiencies and irregularities in an indictment are not issues of subject matter jurisdiction. *Gentry* noted a difference between the issue of a court's general power to try the class of case on which the defendant was convicted – which could be raised for the first time on appeal – and the insufficiency or defective nature of the indictment itself, which required a contemporaneous objection to be preserved on appeal. *Id.* The petitioner never raised this argument at trial or on direct appeal. Further, this issue was not raised in the PCR application nor in any amended application. It was raised in the petitioner's motions to reconsider made to the PCR judge, but as noted above, the PCR judge found the motions procedurally improper to raise new issues. Finally, the petitioner's PCR appeal was dismissed for procedural violations prior to any resolution by the state supreme court.

To be preserved, these freestanding claims would have to have been asserted at the trial level and then raised to the state supreme court on direct appeal, which was not done in this case. *See Drayton v. Evatt*, 430 S.E.2d 517, 519 (S.C. 1993) (issues that could have been raised at trial or on direct appeal can not be raised in a PCR application absent a claim of ineffective assistance of counsel). If a petitioner before a federal district court fails to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts. In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice, as the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The petitioner has failed

to make such a showing with regard to these claims. Accordingly, the foregoing claims are procedurally barred from review.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted.


                s/William M. Catoe
                United States Magistrate Judge

July 16, 2007

Greenville, South Carolina